UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

JERRY RUSSELL,                    )
                                  )
        Plaintiff,                )
                                  )
    vs.                           )        Case No. 4:11CV2099 CDP
                                  )
BELLEFONTAINE                     )
HABILITATION CENTER,              )
                                  )
        Defendant.                )

## MEMORANDUM AND ORDER

This matter is before the court on plaintiff Jerry Russell's motion to remand.

Russell filed this case in the Circuit Court of St. Louis County, Missouri, on

November 28, 2011. Defendant Bellefontaine Habilitation Center removed the

case to this court on December 2, 2011 on the basis of federal question

jurisdiction. Russell's complaint alleges three violations under Title VII, 42

U.S.C. § 2000e *et seq*. In a hearing held on January 10, 2012, Russell explained

that this action is based on an incident in which his life was threatened by another

employee, to which the managerial staff did not respond appropriately. He also

stated that this claim is based on the same incident as another case he filed in

federal court, currently pending before this court, 4:11CV1531 CDP.

In support of his motion to remand, Russell mentions the Missouri

Commission on Human Rights, as well as the principle of concurrent jurisdiction.

However, he fails to explain in any way how these matters apply to the question of subject matter jurisdiction based on a federal question.

A defendant may remove an action from state court to federal district court if the action is within the court's original jurisdiction. 28 U.S.C. § 1441(a). Federal question jurisdiction exists in "all actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, specifically those actions where "'the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law,'" *Biscanin v. Merrill Lynch & Co., Inc.*, 407 F.3d 905, 906 (8th Cir. 2005) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)). Under the well-pleaded complaint rule, a case is ordinarily not removable on federal question grounds unless the "'federal question is presented on the face of the plaintiff's properly pleaded complaint.'" *Chaganti & Assoc., P.C. v. Nowotny*, 470 F.3d 1215, 1220 (8th Cir. 2006) (quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)).

Because plaintiff's complaint specifically characterizes his claims as "Title VII violations," this action arises under federal law. Defendant thus properly removed this case to federal court, and this court retains subject matter jurisdiction over it. There is no basis on which remand of this case to state court is warranted.

Accordingly,

**IT IS HEREBY ORDERED** that the plaintiff's motion to remand [#7] is
DENIED.


_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 23rd day of January, 2012.